**FARMERS CHEMICAL ASSOCIATION, Inc., Plaintiff,**

**v.**

**UNION CAMP CORPORATION, Defendant.**

**Civ. A. No. 610.**

United States District Court,
E. D. North Carolina,
Elizabeth City Division.

April 21, 1970.

J. Allen Adams, William H. McCullough, Sanford, Cannon, Adams & McCullough, Raleigh, N. C., for plaintiff.

R. C. Howison, Jr., Joyner & Howison, Raleigh, N. C., Revelle & Burleson, Murfreesboro, N. C., Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., for defendant.

OPINION AND ORDER

KELLAM, District Judge.

The Nottaway and Blackwater Rivers converge just north of the Virginia—North Carolina line to form the Chowan River which in time flows into Albemarle Sound. The defendant, Union Camp Corporation (Camp), owns and operates an extensive paper manufacturing complex in the City of Franklin, Virginia, on the banks of the Blackwater River, while the plaintiff, Farmers Chemical Association, Inc. (Farmers), is nearing completion in the construction of a multimillion dollar petrochemical fertilizer manufacturing plant in Hertford County, North Carolina, on the banks of the Chowan River.

Farmers complains that in the course of Camp's manufacturing process it discharges solid and chemical industrial waste into the Blackwater River upstream and that such discharges of waste will interfere with Farmers' use of the water from the Chowan River. Farmers seeks an injunction restraining and enjoining Camp from discharging industrial waste in the Blackwater River in quantities harmful to Farmers.

The issue at hand for the Court's immediate consideration is the motion of Camp to strike Farmers' demand for a jury trial and to transfer the case to the Court's non-jury calendar.

Stated somewhat briefly, the allegations of the complaint are that defendant is operating a paper manufacturing plant from which defendant, at certain seasons, discharges industrial waste into the Blackwater River; plaintiff is the owner of a downstream tract of land upon which it is constructing a fertilizer manufacturing plant; that plaintiff intends to use water from said stream in the manufacture of its fertilizer; that the water drawn from the stream for use by plaintiff "will corrode, crack, clog and ruin plaintiff's costly equipment which extracts water from the Chowan River;" and that such discharge by defendant "will cause grave and irreparable harm and damage to plaintiff and will be constantly recurring nuisances and grievances." The complaint continues "[T]he equitable remedy of injunctive relief for Plaintiff from such discharges by Defendant is necessary herein, because there is no adequate legal remedy available to Plaintiff." Plaintiff prays for issuance of a temporary and permanent injunction restraining defendant "from discharging * * * wastes into the Blackwater River in quantities harmful to Plaintiff;" and its costs. No other specific relief is sought. Defendant has filed no counterclaim, nor sought any affirmative relief. Injunction [and an award of costs] is the only relief sought. No legal claim is raised, and no money judgment is sought.

Whether the Seventh Amendment to the Constitution entitles a party to a jury trial "depends on the nature of the issue to be tried, rather than the character of the overall action." Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). Traditionally, it may be said that Farmers seeks relief of an equitable nature, for traditionally the rule has been that "if the essential or major part of a cause is exclusively of equitable cognizance, the right to trial by jury does not obtain, even though certain elements of an action at law may be incidentally involved." 50 C.J.S. Juries § 25. The rule has clearly been that equity assumes full jurisdiction. Nevertheless, Farmers demands a jury trial and argues, in substance, that the times have changed and the right to trial by jury is now recognized in most cases; that the discretion formerly vested in the trial court has been greatly reduced and a jury trial should be ordered whenever possible. Much of this is so. Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, and Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44. In Beacon it was held, "Inadequacy of remedy and irreparable harm being practical terms, their existence today must be determined, not by precedents decided under discarded procedures, but in the light of remedies now made available * * *." In essence, a trial must be conducted under modern, unified procedure. In Beacon, without recounting all of the facts—they are now well known—Fox sought declaratory relief against Beacon and Beacon replied with, among other pleadings, a counterclaim asking for treble damages and demanded a jury trial of the factual issues. The reasoning of the Court was that to deny trial by jury would be to limit Beacon's opportunity to fully try to a jury issues bearing upon its action for treble damages, since determination of issues raised in the equitable hearing on Fox's request for a declaratory relief might operate, by way of res judicata or equitable estoppel, to preclude both parties in a subsequent trial on the issue of treble damages.

It cannot be said that Beacon and Dairy Queen established stare decisis to the effect that all equitable causes are to be tried to jury. The Supreme Court in Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391, decided after Beacon and Dairy Queen, said:—

"we have held that equity courts have power to decree complete relief and

**216**

for that purpose may accord what would otherwise be legal remedies"

Here was involved an issue arising in the processing of claims in bankruptcy proceedings, triable in equity. Petitioner was not entitled to a jury trial.

In Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965), the government sought to enjoin future violations of the minimum wage provisions of the Fair Labor Standards Act. The district court had denied motions to strike the demand for a jury trial. The Circuit Court of Appeals, in reversing, held that the Seventh Amendment does not completely "blunt" the equity courts of their inherent power.

And in cases where the *Beacon* principle of jury trial was followed, it must be noted in distinguishing the cases that an issue of damages, a significant legal issue, has been present. See, for instance, Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486 (5th Cir. 1961); Pittman v. West American Insurance Company, 299 F.2d 405 (8th Cir. 1962); Robine v. Ryan, 310 F.2d 797 (2d Cir. 1962); Marks Food Corporation v. Barbara Ann Baking Co., 274 F.2d 934 (9th Cir. 1959). In all of these damages were sought, a legal claim not contained in this present case.

■ It appears that no significant or compelling legal issues are present in the controversy between Farmers and Camp. The complaint was drawn by Farmers and it asks for injunctive relief alone. It is the Court's opinion that none of the issues, claims, or causes present in *Beacon* or *Dairy Queen* are here present. The Court sees nothing here requiring trial by jury. The remedy Farmers seeks is not attainable in law. With equity the Court must determine if injunctive relief should be granted.

It is therefore ordered that the motion to strike the jury be granted and the matter is hereby transferred to the non-jury docket.