**UNITED STATES of America**

v.

**Melvin R. WADE, et al.**

**Civ. A. No. 79–1426.**

United States District Court,
E.D. Pennsylvania.

Feb. 21, 1984.

See also 546 F.Supp. 785; 577 F.Supp. 1326.

F. Henry Habich, II, Asst. Atty. Gen., Land & Natural Resources, U.S. Dept. of Justice, Washington, D.C., James Sheehan, Asst. U.S. Atty., Philadelphia, Pa., Patrick J. Cafferty, Jr., Atty., Dept. of Justice, Washington, D.C., Joseph J.C. Donovan, E.P.A., Region III, Philadelphia, Pa., Kevin Gaynor, Environmental Enforcement Sec., Dept. of Justice, Washington, D.C., for the U.S.

Patrick T. Ryan, Cynthia J. Giles, John P. Kirwin, III, Philadelphia, Pa., for Congoleum Corp.

Bertram R. Stone, Chicago, Ill., for Appolo Metals.

Calvin Sawyier, Edward J. Wendrow, Sidney Margolis, Chicago, Ill., for Gould.

**12**

Henry D. Ruth, Jr., Scott D. Patterson, Michael C. Olmstead, Philadelphia, Pa., for Sandvik.

Austin J. McGreal, Philadelphia, Pa., for Appollo Metals, Inc.

William J. Winning, Media, Pa., for Ellis Barnhouse.

David T. Modi, Legal Dept., D–7082, E.I. DuPont de Nemours and Co., Wilmington, Del., David Richman, Philadelphia, Pa., for E.I. DuPont de Nemours & Co., Inc.

David C. Toomey, Carolyn Mills, Philadelphia, Pa., for Texaco, Inc.

Donald K. Joseph, Philadelphia, Pa., for Wyeth Laboratories.

James L. McKenna, Deasey, Scanlan, and Bender, Ltd, Philadelphia, Pa., for Electro Coatings Div., Electro Coatings, Inc.

John F. Naulty, Philadelphia, Pa., for Jordan Chemical Co.

Francis E. Marshall, Anthony P. Tinari, Michalisa Marshall Pugh, Norristown, Pa., for Diversified Printing.

Denis L. Brenan, Deborah A. Lefco, Philadelphia, Pa., for J.L. Clark Mfg. Co., N.L. Industries.

John I. McMahon, King of Prussia, Pa., for East Falls Corp.

Albert L. Bricklin, Philadelphia, Pa., for B.W. Coatings, Grow Group, Inc.

Thomas R. Harrington, Jennifer Berke, Kelly, Harrington, McLaughlin, Foster, Philadelphia, Pa., for Budd Co.

Douglas R. Blazey, William R. Sierks, Harrisburg, Pa., for Com. of Pa.—DER.

Maura A. Johnston, Harrisburg, Pa., for Keith Welks.

James D. Wilder, Larry H. Slass, Blank, Rome, Comisky, McCauley, Philadelphia, Pa., Frank J. Marcone, Media, Pa., for other defendants.

## MEMORANDUM

NEWCOMER, District Judge.

Before me are the following motions: (1) third party defendants' joint motion for a continuance, (2) United States' motion to strike defendant Gould's demand for a jury trial, (3) United States' motion for bifurcation, (4) generator defendants' motion to compel and for an extension of time, and (5) motion of generator defendants to preclude certain damages testimony. For reasons discussed below, the motion for a continuance will be granted, the jury demand stricken, and the trial bifurcated into liability and cost phases. The points raised by the generator defendants in their motions to compel and to preclude certain damages testimony are well-taken and I trust my disposition of the first three motions will eliminate the need for me to rule on these latter two motions.

### A. *Continuance*

■ A conference was held on Monday, February 6 at which time the parties, in particular the third-party defendants, reiterated their need for additional time to complete discovery. To a certain extent the problem is one of their own making in that apparently even basic investigation and discovery was not undertaken during the pendency of the third-party defendants' motions to dismiss. In fact, the third-party defendants stonewalled the efforts of the generator defendants to undertake discovery during this period.

Nevertheless, the case is legally and factually complex and the parties have undoubtedly encountered many difficulties in gathering information concerning events that transpired several years ago. I am satisfied that since my ruling denying the third-party defendants' motions to dismiss the parties have been cooperative in sharing discovery and diligent in undertaking additional discovery. Unquestionably discovery is not yet complete as is evidenced by the failure of the generator defendants and third-party defendants to have undertaken any meaningful expert discovery. The trial of this case will be complex enough without the added difficulty of lack of preparation. For these reasons I will grant the motion for a continuance. A new pretrial schedule is established below.

### B. *Motion to Strike Jury Demand*

In support of its motion to strike defendant Gould's demand for a jury trial the United States cites to three recent district court decisions holding that because CERCLA affords essentially equitable relief in the nature of restitution the Seventh Amendment right to a trial by jury does not attach. *United States v. Argent Corp.,* No. 83–523–HB (D.N.M. Dec. 20, 1983); *United States v. Northeastern Pharmaceutical,* 579 F.Supp. 823 (W.D. Mo.1984); *United States v. Reilly Tar & Chemical,* No. 4–80 Civil 469 (D.Minn. June 24, 1983). I find these opinions to be well-reasoned and the generator defendants' efforts at distinguishing or discrediting them to be unpersuasive.

The sole issue raised by the generator defendants that gives me pause in this regard is whether the Commonwealth's claim for damages for injury to natural resources under § 107(a)(3)(C) is legal or equitable in nature. Certainly the label used by Congress is not dispositive of the issue. Instead I must look to the nature of the remedy. *United States v. Long,* 537 F.2d 1151 (4th Cir.1975), *cert. denied,* 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976). The Commonwealth has stated it seeks to recover under § 107(a)(3)(C) only to the extent that it has spent funds in assessing any injury to natural resources or rehabilitating or restoring injured resources. Such relief would properly be characterized as equitable for the same reasons that recovery of § 107(2)(3)(A) response costs is considered equitable relief.

■ The generator defendants rely on *Beacon Theatres v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), for the proposition that a right to a jury trial exists in a declaratory judgment action brought under 28 U.S.C. §§ 2201 and 2202. Their reliance is misplaced. *Beacon Theatres* holds that the Declaratory Judgment Act "preserves" the right to a jury trial for both parties. Thus, if the issue on which a party seeks a declaratory judgment is one on which a party would otherwise be entitled to a jury trial, that right is not abrogated by the fact that the issue is first raised in a declaratory judgment proceeding. It follows that the Declaratory Judgment Act does not create a right to a jury trial when the underlying action is equitable in nature. *See Robinson v. Brown,* 320 F.2d 503 (6th Cir.1963), *cert. denied,* 376 U.S. 908, 84 S.Ct. 662, 11 L.Ed.2d 607 (1964).

■ Here the Commonwealth seeks a declaratory judgment that the defendants are liable under CERCLA for response costs incurred by the Commonwealth in the future. Because I have concluded that the remedies afforded by CERCLA are equitable in nature, it follows that no right to a jury trial attaches when a party seeks a declaration of rights and liabilities under that statute.

Finally, the generator defendants argue that the Commonwealth's nuisance claim, which is asserted only against the non-generator defendants, necessitates a jury trial. I must reject this contention as well.

As with the CERCLA counts the critical question is whether the relief sought is legal or equitable. Clearly the Commonwealth's request for an injunction directed towards abatement of the alleged nuisance constitutes equitable relief and consequently does not require a jury trial. *Farmers' Chemical Association v. Union Camp Corp.,* 312 F.Supp. 214 (E.D.N.C.1970).

More difficult is its request for monetary relief. Assuming the Commonwealth establishes its nuisance case, it clearly could recover damages for injury to its interests; however, the Commonwealth has elected to seek recovery only of its costs incurred in abating the nuisance presented by the Wade site. This relief, like that sought under CERCLA, is in the nature of equitable restitution. The non-generator defendants therefore have no right to a trial by jury of the issues presented in the nuisance count.[1]

---

1. While the issue was not briefed by the parties, I am not sure a valid demand has even been made for a jury trial of these issues.

### C. *Motion to Bifurcate*

The final issue to be resolved is that of bifurcation. Initially the generator defendants argued that a bifurcated trial, before two separate juries as proposed by the United States, would present serious constitutional as well as practical problems. Were the case to be tried to a jury I agree that bifurcation in this manner would not be appropriate; however, my granting of the motion to strike the jury demand removes this obstacle to bifurcation.

I stated at the conference held on February 6 that if I concluded that the defendants had no right to a jury trial I would be inclined to bifurcate the trial into liability and cost phases. My proposal was for a liability trial in early May and a cost hearing sometime in the Fall, at which time clean-up will presumably be completed. Since that conference the generator defendants have advanced a new argument in opposition to bifurcation.

█ The generator defendants argue that bifurcation will necessitate duplicative testimony and unfairly prejudice them by compelling them, in essence, to try a portion of the government's case. As I stated at the conference, I am confident that no significant degree of duplication will be necessary. To the extent any testimony is relevant to both phases of the trial, it can be presented at the liability phase and merely referred to at the cost hearing if one is necessary. While I may find it necessary or helpful during the course of the cost hearing to review transcripts of prior testimony, certainly no prior testimony will need to be repeated.

The generator defendants' next objection is more difficult to articulate but, I believe, also presents no real obstacle to bifurcation. Plaintiffs have taken the position that, similar to most tort and contract litigation, liability under CERCLA can be imposed without reference to their costs incurred in cleaning up the site. Thus, at the liability phase of a bifurcated trial plaintiffs would not place into evidence any of their costs incurred. The generator defendants argue that because the statute

imposes liability only for "costs incurred" a liability determination cannot be made for any given defendant without determining which costs have been incurred with respect to that particular defendant's wastes. If plaintiffs proceed as suggested above the generator defendants argue that in order to establish their affirmative defenses at the liability phase they will be compelled to present plaintiffs' damages case. Were the trial not bifurcated this would not occur.

Although the generator defendants do not say so directly they are apparently attempting to relitigate the issue of joint and several liability and to raise by way of a § 9607(b)(3) defense arguments previously rejected. That section provides in part as follows:

> There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by— ...
>
> (3) an act or omission of a third party other than an employee or agent of the defendant; or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant ... if the defendant establishes by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

Thus the generator defendants apparently wish to use this section to, in essence, apportion their liability at the liability phase of the trial.

While I am hesitant to rule on the affirmative defenses available under the statute without more substantial briefing on the

issues raised, I do not believe § 9607(b)(3) was intended to be used as a apportionment mechanism. Instead, it appears to be addressed to the situation in which a party otherwise liable—be it a transporter, generator, or site owner—establishes that it took due care in disposing of its wastes but a third party, whose acts could not be foreseen, intervened and nevertheless caused a release of the wastes. To raise this defense the generator defendants would not need to raise any issues of how certain funds were used in clean-up, and bifurcation would therefore not create the problems suggested by the generator defendants.[2]

In my view bifurcation will serve at least two useful purposes. First, a finding of no liability would obviate the need for any evidence on costs incurred, resulting in an obvious saving of time and expense for all parties. Second, bifurcation will permit this long-lingering case to proceed, at least in part, immediately. Because I see no resulting prejudice to the parties the trial will be bifurcated into liability and cost phases.

Accordingly I establish the following pretrial schedule:

March 26—plaintiffs' supplemental pretrial memoranda, if any

April 9—defendants' final pretrial memoranda

April 18—Final pretrial conference, 9:15 a.m.

April 30—Two sets of all exhibits to be used at liability trial delivered to court.

May 7—Trial, 9:30 a.m.

The parties shall work together to establish a new discovery schedule within this framework which should be submitted to the Court for approval or before March 1, 1984. Any problems in establishing or executing such a schedule should be immediately brought to the Court's attention. Hopefully the parties will be able to agree quickly and direct their greater energies to conducting discovery.

2. The generator defendants will, of course, have an opportunity to present evidence concerning apportionment of liability but I believe the

I anticipate beginning the cost phase of the trial, if necessary, in mid-October. The parties will, of course, be free to conduct additional cost-related discovery in the interim between the two phases of trial. An additional discovery schedule may be established at that time.

## ORDER

AND NOW, this 21st day of February, 1984, it is hereby ordered that the third party defendants' joint motion for a continuance and the United States' motions for bifurcation and to strike defendant Gould's demand for a jury trial are GRANTED in accordance with the accompanying memorandum. The generator defendants' motions to compel and to preclude certain damages testimony are dismissed as moot.

AND IT IS SO ORDERED.

proper time for that would be in the second phase of the trial.