UNITED STATES of America, Plaintiff,

v.

NEW CASTLE COUNTY, William C. Ward, Stauffer Chemical Company and ICI Americas Inc., Defendants.

NEW CASTLE COUNTY, Stauffer Chemical Company and ICI Americas Inc., Defendants/Third-Party Plaintiffs,

v.

AVON PRODUCTS, INC., NVF Company, the Budd Company, Hercules, Incorporated, Specialty Composites Corporation, Standard Chlorine of Delaware, Inc., Diamond Shamrock, American Hoechst Corporation, E.I. DuPont de Nemours & Co., Motor Wheel Corporation, General Motors Corporation, Chrysler Corporation, Witco Chemical Corporation, Amoco Chemical Corporation, Keysor-Century Corporation, Koppers Company, Inc., Chloramone Corporation, FMC Corporation, Allied Corporation, Westvaco Corporation, Wilmington Chemical Corporation, Gates Engineering, Atlantic Aviation Corporation, Kennecott Corporation, Champlain Cable Corporation, State of Delaware, and Harvey & Harvey, Third-Party Defendants.

Civ. A. No. 80–489 LON.

United States District Court,
D. Delaware.

April 10, 1987.

20

See also, 642 F.Supp. 1258.

Stauffer Chemical Co., Westport, Conn., of counsel), for defendant/third-party plaintiff Stauffer Chemical Co.

Joseph C. Kelly, of ICI Americas, Inc., Wilmington, Del. (Robert Hayes, of Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel), for defendant/third-party plaintiff ICI Americas Inc.

David R. Hodas, of Potter, Carmine & Hodas, Wilmington, Del. (J. Brian Molloy, of Wald, Harkrader & Ross, Washington, D.C., of counsel), for third-party defendant Avon Products, Inc.

James T. McKinstry, of Richards, Layton & Finger, Wilmington, Del., for third-party defendants NVF Co., General Motors Corp. and Diamond Shamrock.

J. R. Julian, Wilmington, Del. (Jennifer Berke, of Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., of counsel), for third-party defendant The Budd Co.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, Del. (Kevin E. Walsh, of Hercules Inc., Wilmington, Del., of counsel), for third-party defendant Hercules, Inc.

James F. Bailey, Wilmington, Del. (Joseph G. Manta, of Frumkin & Manta, Philadelphia, Pa., of counsel), for third-party defendant Specialty Composites Corp.

Richard G. Andrews, Dept. of Justice, Wilmington, Del. (Judith A. Dorsey, U.S. E.P.A., Philadelphia, Pa., Diane Kelly, Dept. of Justice, Washington, D.C., of counsel), for plaintiff U.S.

B. Wilson Redfearn, of Tybout, Redfearn, Casarino & Pell, Wilmington, Del. (George J. Weiner, of Schmeltzer, Aptaker & Sheppard, Washington, D.C., of counsel), for defendant/third-party plaintiff New Castle County.

James F. Burnett, of Potter Anderson & Corroon, Wilmington, Del., for defendant William C. Ward.

Jeffrey B. Bove, of Connolly, Bove, Lodge & Hutz, Wilmington, Del. (John W. Wilmer, Jr., of Vorys, Sater, Seymour and Pease, Washington, D.C., Wendy J. Tish, of

James C. Laager, of Saul, Ewing, Remick & Saul, Wilmington, Del., for third-party defendant Standard Chlorine of Delaware, Inc.

C. Scott Reese, of Cooch & Taylor, Wilmington, Del. (Lorelei J. Borland, of Morgan, Melhuish, Monaghan, Meyer, Arvidson, Arbrutzer & Liskowski, New York City, of counsel), for third-party defendant American Hoechst Corp.

Richard Allen Paul, of E.I. DuPont de Nemours & Co., Wilmington, Del., for third-party defendant E.I. DuPont de Nemours & Co.

Robert F. Stuart, and David C. Toomey, of Duane, Morris & Heckscher, Philadelphia, Pa., for third-party defendants Motor Wheel Corp. and Allied Corp.

Kurt J. Doelze, of Ferri & Doelze, Wilmington, Del. (Joseph J. Armao, and Harry A. Short, Jr., of Liebert, Short, Fitzpatrick & Hirshland, Philadelphia, Pa., of counsel), for third-party defendant Chrysler Corp.

John C. Phillips, Jr., of Phillips & Snyder, Wilmington, Del. (Thomas J. Jackson, of Thorp, Reed & Armstrong, Pittsburgh, Pa., of counsel), for third-party defendant Witco Chemical Corp.

Howard M. Berg, of Howard M. Berg & Associates, Wilmington, Del. (Ronald J. Ganim, of Amoco Corp., Chicago, Ill., of counsel), for third-party defendant Amoco Corp.

William J. Weir, Jr., of Herlihy & Weir, Wilmington, Del., for third-party defendant Keysor-Century Corp.

John C. Phillips, Jr., of Phillips & Snyder, Wilmington, Del. (Jill M. Blundon, of Koppers Co., Inc., Pittsburgh, Pa., of counsel), for third-party defendant Koppers Co., Inc.

John W. Noble, of Parkowski, Noble & Guerke, Dover, Del., for third-party defendant Chloramone Corp.

John C. Phillips, Jr., of Phillips & Snyder, Wilmington, Del. (William R. Herman, of Dechert Price & Rhoads, Philadelphia, Pa., of counsel), for third-party defendant FMC Corp.

Thomas G. Hughes, of O'Donnell & Hughes, Wilmington, Del. (Brigid E. Kenney, of Venable, Baetjer & Howard, Baltimore, Md., of counsel), for third-party defendant Westvaco Corp.

Stephen P. Lamb, of Skadden, Arps, Slate, Meagher & Flom, Wilmington, Del. (John H. Klock, of Crummy, DelDeo, Dolan, Griffinger & Vecchione, Newark, N.J., of counsel), for third-party defendant Wilmington Chemical Corp.

James P. Collins, of Healy and Collins, Wilmington, Del. (Blake A. Biles, of Jones, Day, Reavis & Pogue, Washington, D.C., of counsel), for third-party defendant Gates Engineering.

James T. McKinstry, of Richards, Layton & Finger, Wilmington, Del. (Franklin S. Eyster, II, of Atlantic Aviation Corp., Wilmington, Del., of counsel), for third-party defendant Atlantic Aviation.

Robert J. Katzenstein, of Lassen, Smith, Katzenstein & Furlow, Wilmington, Del. (Stephen W. Miller, of Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., of counsel), for third-party defendant Kennecott Corp.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, Del., for third-party defendants Champlain Cable Corp.

Kevin P. Maloney, Dept. of Justice, Dover, Del., for third-party defendant State of Del.

James M. Geddes, of Ashby, McKelvie & Geddes, Wilmington, Del., for third-party defendant Harvey & Harvey.

## OPINION

LONGOBARDI, District Judge.

On January 13, 1987, the Court held a hearing on various motions pending before the Court. At the hearing, the Court issued its rulings on each of the motions but indicated that an Order setting forth the Court's rulings in greater detail would follow. The instant Opinion represents that follow-up.

### 1. Plaintiff's Motion to File Third Amended and Supplemental Complaint

The Court will first address Plaintiff United States' motion for leave to file a third amended and supplemental complaint. Docket Item ("D.I.") 1639. By its motion, Plaintiff seeks to conform the allegations of its complaint to the Superfund Amendments and Reauthorization Act of 1986 ("SARA"). This aspect of the motion being unopposed, it is granted. In addition, Plaintiff seeks to name J.T. Ward and Sons Contractors, Inc. as a Defendant. This aspect of the motion is also unopposed and it is, therefore, granted. Finally, Plaintiff seeks to name six Third-Party Defendants as Defendants. (The proposed Defendants, NVF Company, The Budd Company, Avon Products, Inc., Witco Chemical Company,

Kennecott Corporation and E.I. du Pont de Nemours & Co. will be collectively referred to as the "Specified Third-Party Defendants.") Because this aspect of the motion is opposed, it will be discussed in detail.

The standards governing motions to amend are well settled. *See Thermal American Fused Quartz Company, Inc. v. John L. Briggs & Company,* C.A. No. 84–46 LON, Memorandum Opinion (D.Del. Sept. 15, 1986). Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The paramount factors to be considered in addressing a motion to amend are: (1) whether the moving party has engaged in undue delay in filing the motion; and (2) whether prejudice to the non-moving parties would result if the motion were granted. *See Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In order to pursue the delay and prejudice inquiries required under Rule 15(a), it is important to understand the factual background against which the instant motion was filed. This lawsuit was originally filed in October, 1980. In its initial complaint, Plaintiff named as Defendants New Castle County, Stauffer Chemical Company and William C. Ward. The original complaint sought relief under section 7003 of the Resource Conservation Recovery Act, 42 U.S.C. § 6973 ("RCRA"). In June, 1982, Plaintiff amended its complaint to add a claim under the Comprehensive Environmental Response Compensation and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* ("CERCLA"). In April of 1984, Plaintiff again amended its complaint for the purpose of naming ICI Americas Inc. as a Defendant. In June of 1984, Kennecott Corporation, one of the Specified Third-Party Defendants, was named as a Third-Party Defendant. In April, 1985, each of the remaining Specified Third-Party Defendants was named in the lawsuit.

█ The proposed amendment thus comes six years after this lawsuit was filed. It comes two and a half years after one of the Specified Third-Party Defendants was named as a party, and a year and a half after each of the remaining Specified Third-Party Defendants was named as a party. Plaintiff has thus known for at least a year and a half that each of the Specified Third-Party Defendants was potentially liable. Plaintiff took no action to name those parties as Defendants during that one and a half year period.

Moreover, long before the Specified Third-Party Defendants were named as parties to the lawsuit, the Government had available to it information which implicated at least some of those parties. During the period 1980 to 1984, the Government participated in extensive discovery and had available to it the discovery taken by other parties. The fruits of those discovery efforts included information indicating that at least some of the Specified Third-Party Defendants had generated waste which was transported to Tybouts Corner Landfill.

For example, in 1981, the Environmental Protection Agency ("EPA") took the deposition of Stanley J. Twardus, president of Stanley J. Twardus and Sons, Inc., a waste hauler. At the deposition, Mr. Twardus testified that his company had transported waste to the Tybouts Corner Landfill for some of the Specified Third-Party Defendants. In addition, in 1981, the Government attended the deposition of a New Castle County employee who testified that he believed that Avon, one of the Specified Third-Party Defendants, had hauled waste to the landfill. Despite this information, the Government made no effort to name the Specified Third-Party Defendants until more than five years after the information became available.

Plaintiff's motion also comes two and a half years after a Court-imposed deadline for naming new parties to the lawsuit. At a January, 1984, pretrial scheduling and management conference, the Government indicated that it would soon complete its investigation of potential Defendants and would join all Defendants by April 1, 1984. As a result of this representation, the Court entered an Order establishing April

1, 1984 as the deadline for naming additional parties. Despite the fact that this deadline lapsed nearly two and a half years ago, the Government now seeks permission to join additional parties.

In an effort to explain its delay in filing the instant motion, Plaintiff asserts that it was attempting to make a "careful and comprehensive evaluation" of the evidence before naming additional parties. D.I. 1760, p. 4. While the Court is not unmindful that the prosecution of this lawsuit is an extraordinarily complex and burdensome undertaking, and while the Court certainly appreciates the Government's desire, and indeed its duty, to exercise care before naming additional parties, the Court cannot accept Plaintiff's explanation. By its own admission, the Government's motion to amend is based on a *"reevaluation* of the evidence ... compiled from a combination of *older* as well as more recent discovery." D.I. 1658, p. 12 (emphasis added). The Government clearly had information available to it long ago which implicated at least some of the Specified Third-Party Defendants. The Government offers no plausible excuse for its delay in filing the instant motion.

▆ Moreover, the Third-Party Defendants would be substantially prejudiced if Plaintiff's motion to amend were granted. Prejudice to the non-moving parties represents the "touchstone for denial of leave to amend." *Heyl & Patterson International v. F.D. Rich Housing,* 663 F.2d 419, 425 (3d Cir.1981).

Following the assignment of this case to me in May, 1985, I asked counsel to form joint committees and to appoint representative counsel. I viewed—and still view—these steps as imperative in an effort to move this vast and complex litigation forward. At the Court's initiative, the Third-Party Defendants have cooperated with each other in discovery, have worked together in the selection of experts, have agreed to limit the filing of crossclaims and, perhaps most importantly, have attempted to develop a cooperative approach toward settlement efforts.

The Third-Party Defendants' cooperative efforts have been commendable and have helped advance this case to a point at which we are nearing trial. Yet these valuable efforts would be upset if Plaintiff's motion to amend were granted. Realignment of the parties at this late stage would not only impinge upon the parties' ability to pursue their joint efforts in the future but would undermine positions already established, strategies cooperatively developed and confidences freely exchanged. In short, realignment at this late date would be a step not forward, but backward. And that step would come only at considerable expenditure of time, money and other valuable resources.

A realignment of the parties would also likely produce conflicts of interest, thereby necessitating a change of counsel. A conflict would arise in the case of NVF (one of the Specified Third-Party Defendants) whose counsel also represents Third-Party Defendants Diamond Shamrock Corporation, Atlantic Aviation, Inc. and General Motors Corporation. A conflict would also arise in the case of Witco (one of the Specified Third-Party Defendants) whose counsel also represents Third-Party Defendant Koppers Company.

The Government, relying on the fact that other parties have recently changed counsel voluntarily, argues that the need to retain new counsel is not sufficiently prejudicial. The Court disagrees. The change in counsel which would likely be necessitated by the instant motion is far different from a voluntary change. It would represent a forced disqualification caused by the Government's own inexcusable delay. The Court cannot sanction such a result.

In addition to thwarting the Third-Party Defendants' joint efforts and forcing changes in counsel, the proposed amendment would likely produce a flood of new pleadings. Moreover, given the realignment of the parties, the Specified Third-Party Defendants might well assert claims and defenses different from those contemplated up to this point, prompting the need for further discovery.

All of these prejudicial effects would come at a time when we are nearing the eve of trial. It is important to recognize that the "eve of trial" is a relative term. In a simple case, it may be measured in terms of weeks or even days. But in a lawsuit of this magnitude and complexity, the "eve of trial" means a minimum of several months. Following the close of discovery, which is imminent, it will take seven to eight months before case dispositive motions can be filed, briefed and ruled upon and before the massive pretrial order necessary in this case can be prepared. We are nearly ready to begin those tasks. The energies and resources of the parties and the Court must now focus on moving forward to trial, not moving backward to retrace or undo the steps we have already taken.

Finally, it is important to remember the mandate of Rule 15(a): that leave to amend "shall be freely given when *justice* so requires." Fed.R.Civ.P. 15(a) (emphasis added). In the instant case, justice has meaning both to the innumerable parties to the lawsuit and to the public as well.

Some of the parties to this lawsuit have been in litigation for six years. They have been subjected to intense public pressure and scrutiny and the ever-increasing expenses of litigation. They are entitled to move forward, to know that their day in Court is at hand. To open up this lawsuit to the addition of new parties would unjustifiably and unfairly frustrate these interests.

The public has significant interests at stake here as well. With the passage of CERCLA and the creation of the Superfund in 1980, the public was given a hope that the release of dangerous chemical substances into the earth might be put to an end and that the effects of past releases might be remedied. The filing of the instant lawsuit brought that hope into the homes of local residents. Yet that hope has been frustrated by the delays in bringing this lawsuit to a resolution. The mere passage of six years since the filing of the original complaint has engendered scorn and ridicule by a public which has come to view this as a lawsuit that has no end. With each passing day, these feelings of frustration grow. But more importantly, with each passing day, the perilously dangerous chemicals seep deeper and deeper into the earth, aggravating the fears of area residents that their health, and indeed their lives, may be in danger. The Court cannot, and will not, further frustrate these important interests. This lawsuit must move forward and it must move forward now. Plaintiff's motion to amend, insofar as it seeks to name the six Specified Third-Party Defendants as Defendants, is denied.

2. **Third-Party Defendant Harvey and Harvey's Motion to File a Fourth Party Complaint**

■ Third-Party Defendant Harvey and Harvey has moved for leave to file a fourth-party complaint. D.I. 1635. By its motion, Harvey and Harvey seeks to name six "haulers" (*i.e.*, entities which transported waste to the landfill). The parties sought to be named are Schiavo Brothers, Inc., SonAire Sanitation, Inc., S.J. Twardus, Inc., Trash Removers, Inc., Walter S. Bandurski, Inc. and William Davidson.

Harvey and Harvey was named as a Third-Party Defendant in May, 1985. Harvey and Harvey's motion thus comes nearly a year and a half after it was named a party to this lawsuit. By its own admission, however, Harvey and Harvey's motion is based on information developed of record in this case long before the motion was filed. Indeed, with respect to at least four of the six proposed Fourth-Party Defendants, the motion is based at least in part on information obtained in discovery before Harvey and Harvey was even named a party to the lawsuit.

For example, Harvey and Harvey itself points out that in depositions taken in 1981 and 1984, Stanley J. Twardus admitted that his company had hauled chemical waste to the Tybouts Corner Landfill. D.I. 1660, pp. 4–5. In a 1982 deposition, a representative of Trash Removers, Inc. admitted hauling

waste to the landfill. *Id.*, p. 5. In a January, 1985, deposition, William Davidson admitted transporting waste to the landfill. *Id.*, p. 6. Schiavo Brothers, Inc. was identified in a 1984 deposition as having transported waste to the landfill. *Id.* Despite the fact that all of this information was available to Harvey and Harvey when it was named in this lawsuit, it waited almost a year and a half before seeking leave to name the proposed Fourth-Party Defendants. While the Court recognizes that the task of digesting and analyzing the discovery accumulated in this case is a time-consuming' and onerous task, the Court finds that Harvey and Harvey's delay in filing the instant motion is undue.

Harvey and Harvey attempts to explain its delay by stating that its litigation strategy was to get out of the lawsuit by filing a motion for summary judgment. According to Harvey and Harvey, the filing of the motion to amend would have been premature or inconsistent with this strategy. This is no answer. Harvey and Harvey cannot attempt to explain its delay by pointing to its own calculated gamble that it would ultimately be dismissed from this lawsuit.

Moreover, I find that the other parties in the lawsuit, the Court and the public interest would be significantly prejudiced if Harvey and Harvey's motion was granted. The Court has already discussed *supra* the interests of the parties, the Court and the public in moving this case forward. Allowing Harvey and Harvey to file its Fourth-Party Complaint would only frustrate those interests. Yet another round of pleadings, including the filing of new counterclaims and crossclaims, would be necessary. Along with the new pleadings would come the need for further discovery.

Further, if the proposed Fourth-Party Defendants were added, they almost certainly would want to file their own fifth-party complaints. This cycle could continue indefinitely and thus unnecessarily prolong the culmination of these proceedings. The Court simply cannot allow this. The Court owes a duty to the parties, and to the public, to move this case forward. I recognize that the decision to cut off the naming of additional parties at this point, rather than at some point in the future, is somewhat arbitrary. But that is a fact which is both necessary and inevitable in a case of this magnitude. It is imperative that this case move forward now.

Finally, it must be remembered that Harvey and Harvey is by no means without redress in pursuing its claims against the six proposed Fourth-Party Defendants. It can bring separate actions against those entities.

Because I find that Harvey and Harvey has inexcusably delayed in filing its motion to amend and because the other parties, the Court and the public interest would be significantly prejudiced if the motion were granted, the motion is denied.

### 3. Defendants/Third-Party Plaintiffs' Motion to File Amended Third-Party Complaints

Defendants New Castle County, Stauffer Chemical Company and ICI Americas Inc. have moved for leave to file amended third-party complaints. D.I. 1642. By their amended complaints, each of the three Defendants seeks to (1) name SCM Corporation and Gates Engineering, Inc. as Third-Party Defendants; (2) name J.T. Ward & Sons, Contractors Inc. as a Third-Party Defendant; and (3) conform their pleadings to SARA. In addition, ICI Americas Inc. wishes to add a claim for indemnity similar to those already pleaded by the other Defendants/Third-Party Plaintiffs. New Castle County seeks leave to name the State of Delaware as a Third-Party Defendant and to add a subrogation claim similar to those already pleaded by the other Defendants/Third-Party Plaintiffs. Finally, Stauffer Chemical Company seeks to name as Third-Party Defendants the State of Delaware and certain other parties already named as Third-Party Defendants by other parties.

The only aspect of this motion which is opposed is that relating to the naming of SCM Corporation and Gates Engineering

Company, Inc. as Third-Party Defendants. The only party expressing opposition is "Gates Engineering", which is currently a Third-Party Defendant.

While the Court finds that there has been significant delay in the filing of Defendants/Third-Party Plaintiffs' motion to amend, the Court does not find the delay to have been inexcusable. Indeed, it appears that the delay in filing the motion may well have been exacerbated by Gates Engineering's own lack of diligence in responding to discovery requests.

Moreover, granting the motion will not result in substantial prejudice to the non-moving parties. As noted above, only Gates Engineering opposes the motion. Any prejudice to Gates Engineering caused by the filing of the amended complaints will be minimal. There will be little, if any, need for further discovery with respect to the new parties since Gates Engineering, a corporate entity related to those sought to be added, has been a party since June, 1985, and has been subject to extensive discovery since that time.

Because the Court finds that Defendants/Third-Party Plaintiffs have not engaged in excusable delay in filing their motion, and because the Court concludes that the non-moving parties will not be significantly prejudiced by the granting of the motion, Defendants/Third-Party Plaintiffs' motion is granted in its entirety.

### 4. Third-Party Defendants' Joint Motion for Separate Trials

■ In January, 1986, Third-Party Defendants filed a joint motion for separate trials. D.I. 1041. The Court heard a lengthy discussion on the motion at a hearing held on October 2, 1986. The Court postponed ruling on the motion until the record could be more fully developed. With the record now sufficiently developed, the motion is ripe for consideration.

Third-Party Defendants suggest that the Court divide the proceedings in this case into three separate phases. The first phase would involve a determination of Defendants' liability to Plaintiff and an apportion-

ment of that liability among the Defendants. In phase two, the Court would determine the appropriate remedy. The third and final phase would be comprised of a series of hearings in which the Court would determine the liability of the Third-Party Defendants and would apportion that liability among the Third-Party Defendants.

The Third-Party Defendants argue that this "trifurcation" is necessary in order to reduce the complexity of the issues, promote judicial economy and better serve the interests of the parties. They first assert that the nature of the case between the Plaintiff and the Defendants is "sharply different" from that between the Third-Party Plaintiffs and Third-Party Defendants. For example, they point to the fact that while Plaintiff's claim against the Defendants includes a request for injunctive relief, no such claim is raised by the third-party complaints. Secondly, they argue that the nature of the potential liability of Defendants and Third-Party Defendant is arguably different. The liability of Defendants, they contend, may be joint and several while the liability of Third-Party Defendants may only be several. The Third-Party Defendants argue that given the differences in the liability and damages determinations to be made, the evidence presented by and against the Defendants and Third-Party Defendants will differ significantly and that separate trials are, therefore, appropriate.

In further support of their motion, Third-Party Defendants contend that separate trials will promote settlement of this litigation. They assert that trying the Plaintiff's case first will encourage settlement "because resolution of the issues raised therein and determination of the amount of damages will remove many of the uncertainties currently hindering settlement discussions." D.I. 1051, p. 5.

Defendants/Third-Party Plaintiffs counter Third-Party Defendants' claims by arguing that the issues raised by Plaintiff's complaint and the third-party complaints are in fact very similar. They therefore

argue that if separate trials are ordered, the result will be a considerable duplication of the testimony and other evidence presented and, consequently, a waste of the Court's and the parties' resources. In particular, Defendants/Third-Party Plaintiffs assert that each trial would involve the same testimony and other evidence with regard to the overall endangerment at the site, management practices at the site and each Party's individual responsibility for contributing hazardous waste to the site.

After an analysis of the positions taken by each group of parties, the Court concludes that the interests of justice would best be served by holding one consolidated trial. The Court is well aware that the management of such a trial will be an enormous undertaking. But the Court believes that, in the long run, judicial economy, as well as the interests of the parties and of the public, will be promoted by consolidating all claims together in one trial. The Court is convinced that while the issues presented by the case between Plaintiff and Defendants and by the case between Defendants and Third-Party Defendants are not identical, they overlap in many respects. As a result, if two or more trials were held, witnesses might have to appear and evidence might have to be introduced not once, but at least twice. That unnecessary duplication of time, money and other resources should not be encouraged.

Moreover, and perhaps weighing most heavily in the Court's determination, the Court believes that consolidating all claims together in one proceeding represents the most effective means available to the Court to facilitate settlement of this case. Third-Party Defendants' argument to the contrary has not gone unnoticed. In essence, they argue that unless and until liability of the Defendants is established and a dollar amount of damages is fixed, settlement is unlikely. While this argument has some merit, it misses the point. Under Third-Party Defendants' theory, settlement of the *third-party* claims would be made more likely by holding separate trials. But settlement, under the Third-Party Defendants' logic, might occur only after a trial on Plaintiff's claims against the Defendants has taken place. Thus, the settlement of the third-party claims would come only after the significant expenditures of time, money and other resources necessary to try the Plaintiff's case.

The Court has an interest in promoting settlement not only of the third-party claims but of the entire case. The Court believes that the only way to facilitate such a settlement is to try all claims together. If separate trials are held, with the first being between Plaintiff and Defendants, the Third-Party Defendants will have every incentive to shy away from settlement efforts and to instead adopt a "wait and see" attitude since, as Third-Party Defendants correctly point out, their liability is wholly dependent on the liability of the Defendants/Third-Party Plaintiffs. If, on the other hand, all claims are consolidated in a single proceeding, settlement will be facilitated. With the threat of costly and lengthy litigation of their claims at hand, Third-Party Defendants will more likely be reluctant to adopt a "wait and see" attitude towards settlement and will instead likely participate actively in settlement efforts.[1]

Thus, because separate trials would hinder rather than facilitate efforts to settle this litigation and because separate trials would result in costly duplication of valuable resources, Third-Party Defendants' joint motion for separate trials is denied.

1. Indeed, the Court's beliefs in this regard were recently confirmed. Shortly after the Court announced its decision denying Third-Party Defendants' Motion for Separate Trials, the Court was advised that the parties had recently reinitiated settlement efforts. *See* Letter from Henry N. Herndon, Jr., Esquire to The Honorable Joseph J. Longobardi dated January 27, 1987. At a status conference held on March 20, 1987, Plaintiff informed the Court that it had reached an "agreement in principle" with three of the Defendants with respect to settlement of the lawsuit. At the request of the parties, the Court, on that date, stayed all proceedings in the case (with one exception) for ninety days in order to enable the parties to continue their settlement efforts.