### ELF ATOCHEM NORTH AMERICA, INC.

v.

## UNITED STATES of America, et al.

### UNITED STATES of America

v.

### WITCO CORPORATION

v.

### ELF ATOCHEM NORTH AMERICA, INC.

Civ. A. Nos. 92–7458, 94–0662.

United States District Court, E.D. Pennsylvania.

April 19, 1995.

William J. Kennedy, Frederick G. Herold, Eli R. Brill, Dechert, Price & Rhoads, Philadelphia, PA, for Elf Atochem North America, Inc.

Brud Rossmann, U.S. Dept. of Justice, Environmental and Natural Resources Div., Jonathan A. Marks, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, for United States, et al.

Michael R. Lazerwitz, Charles F. Lettow, Christopher G. Smith, Cleary, Gottlieb, Steen & Hamilton, Washington, DC, for Witco Corp.

## MEMORANDUM

JOYNER, District Judge.

The United States and Witco Corporation have presented this Court with a Joint Motion for an Expedited Order to Amend the Case Management Order (CMO) to Bifurcate These Proceedings. Elf Atochem North America opposes this Motion. Pursuant to Rule 16(b), a District Court may modify a

CMO if movants make a showing of good cause. For the reasons that follow, this Motion to modify the CMO is denied.

Defendants,[1] United States and Witco, encourage this Court to bifurcate the consolidated actions into two phases. They propose that Phase One would address all issues bearing on the alleged liability of the United States and Witco, including divisibility, cost recovery and the propriety of EPA's selected remedy. They propose that Phase One be placed in our trial pool in August, 1995. Following trial of Phase One, and after EPA has issued a decision regarding the remedy previously selected, the parties would begin to prepare Phase Two for trial before this Court. It is possible that Defendants also plan more discovery before trial of Phase Two.

Defendants argue that there is good cause to bifurcate these actions because bifurcation would save time, money, and other resources for both the parties and the Court. They argue that EPA is currently reviewing its selected remedy for the Site and that any changes to the remedy may affect allocation. They also assert that Witco's proposed challenge to the remedy selected by EPA could also affect the allocation of response costs. Defendants cite *United States v. Wade,* 653 F.Supp. 11, 14–15 (E.D.Pa.1984) for the proposition that bifurcation is appropriate at this juncture. In *Wade,* our Court bifurcated a different CERCLA action so that liability would be tried first and allocations made after the clean-up was complete.

Elf opposes this Motion for a number of reasons. First, it asserts that, to date, it is the only potentially responsible party (PRP) that has assumed any responsibility for the Site's clean-up, via its settlement with EPA in 1992. Elf argues that it has shouldered almost the entire financial burden of remediating the Site, and that these actions are attempts to get contribution for these costs from other PRPs. Elf accuses the Defendants of dragging their heels in an attempt

to not pay their share of the response costs for as long as possible. Elf argues that continual delay on the part of non-settling parties acts to settling parties' detriment, contrary to CERCLA's policy of encouraging settlement. *See United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1184–85 (3d Cir. 1994) (CERCLA encourages settlements). Elf opposes this Motion, therefore, on the ground that the longer final judgment is postponed in this case, the more it is prejudiced.

Second, Elf argues that Defendants have already sought bifurcation of the actions, and that this Court denied the motion over one year ago. *See* Order dated Sept. 1, 1993. That Order directed discovery on all issues, and Elf points out that fact discovery on all issues in this case is complete. Because of this, Elf argues, trial is possible on all grounds. Elf states that, if necessary, it is amenable to a short extension of time for the parties to prepare for trial.

Third, Elf argues that uncertainty of the actual remedy or the dollar amount of the response costs is no bar to allocation, especially here, where the United States has already been found liable as an owner under CERCLA. *See* Order dated Sept. 22, 1994. Elf argues that, contrary to Defendants' assertion, whether the ultimate remedy or response costs are presently known does not affect the allocation decision sufficiently to warrant postponing the allocation decision. First, Elf contends that the remedy will not be drastically changed by the EPA, (42 U.S.C. § 9617(c); 40 CFR §§ 300.435(c) & 300.825) and that even if the remedy is changed, it is not certain that allocation will be affected by the change. Elf cites *Hatco Corp. v. W.R. Grace & Co.,* 836 F.Supp. 1049 (D.N.J.1993) as an example of a case where the court allocated costs between many parties, even when the remedy had not yet been chosen, and the site's analysis was still underway. *Id.* at 1063, 1088. Elf compares *Hatco* to this case, where analysis is complete and a remedy has been selected. Fur-

---

**1.** These cases arise out of the Comprehensive Environmental Response, Compensation & Liability Act (CERCLA), 42 U.S.C. § 9601–9675 (1994), as amended by Superfund Amendments and Reauthorization Act of 1986 (SARA). In 92–

7458, Elf has sued Witco and the United States for contribution. It is for this reason that we refer to Witco and the United States as Defendants in this Memorandum.

ther, it cites *United States v. DiBiase,* 45 F.3d 541 (1st Cir.1995), which held that allocation is not an exact science, but is an estimation made on equitable grounds based on the facts of each case. *Id.* at 544–46. Elf distinguishes *Wade,* cited by defendants, where our Court postponed allocation until remediation was complete. Elf argues that there, it was the plaintiff who sought bifurcation, which is not the case here. 25 F.3d at 1185. Because plaintiff sought bifurcation in *Wade,* it presumably was not prejudiced by the delay inherent in bifurcation. Here, Elf, the plaintiff, claims that it will be prejudiced by the delay.

Fourth, Elf argues that bifurcation will serve to complicate and delay the actions because questions will constantly arise whether a particular issue falls into Phase One or Phase Two, and because the bifurcation necessarily means that two trials, not one, will occur. It argues that this Court has already found the United States liable to at least some extent, so that there will necessarily be a second trial on allocation. Accordingly, Elf argues, there are no savings gained by resolving part of the issues as a preface to resolving the rest.

Fifth, Elf argues that only expert discovery is outstanding at this time and that only two experts would not be deposed during Phase One. Because of this, Elf asserts, there is no real benefit in terms of expert discovery if the case is bifurcated, whereas there would be a net loss, because almost all the experts would have to be recalled for additional depositions on Phase Two issues. Elf also argues that many of its witnesses are elderly and that there is a strong chance that they will not be available to testify at a trial in the unforeseeable future.

Finally, Elf asserts that settlement is less likely if the actions are bifurcated. It argues that liability for one party is certain, and liability for the other is probable. If allocation is postponed, it asserts, defendants are likely to attempt to postpone the alleged inevitable accounting for their share of the response costs. Elf cites *United States v. New Castle County,* 116 F.R.D. 19, 28 (D.Del.1987) for the proposition that settlement is encouraged by unified trials, and that

bifurcation lends itself to the wait-and-see approach.

We agree with Elf and will accordingly, deny this Motion to bifurcate. We previously denied the United States' Motion to bifurcate these actions, and for years, the litigation has gone forward in anticipation of a unified trial. Moreover, discovery on all issues is almost complete and there is no chance that resolution of Phase One would eliminate the need for a Phase Two. We find that the United States and Witco have not met their burden of demonstrating good cause for amending the CMO, and find that Elf, in contrast, has demonstrated the likelihood of prejudice if we were to bifurcate. We also find that settlement is more likely at a unified trial. For all these reasons, we DENY the Motion to Bifurcate.

An appropriate Order follows.

### ORDER

AND NOW, this 19th day of April, 1995, upon consideration of the United States and Witco Corporation's Joint Motion for an Expedited Order to Amend the Case Management Order to Bifurcate Trial Proceedings and responses thereto, the Motion is hereby DENIED. It is FURTHER ORDERED that the Case Management Order is hereby AMENDED as follows:

1) all motions for summary judgment must be filed· and served on or before June 14, 1995.

2) a status conference with the Court, to be attended by all counsel, will be scheduled for the week of July 10, 1995.

3) all trial exhibits shall be marked and exchanged on or before August 3, 1995.

4) all parties shall exchange respective pre-trial memoranda (which shall include a proposed stipulation of uncontested facts pursuant to Local Rule 21(d)(2)(b)(2)) on or before August 10, 1995 and the parties shall immediately thereafter begin the process of developing a joint Final Pretrial Order.

5) the parties shall file a joint Final Pretrial Order, in conformance with Local Rule 21(d)(2), on or before August 24, 1995.

6) the cases will be placed on this Court's trial list on August 28, 1995.

7) the current Case Management Order shall remain in effect in all other respects.

The request for a hearing on this Motion is hereby DENIED.

